FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

CLASS ACTION
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 28 2022
TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

2022 SEP 28 A 9:32

CASE NO. 4:22-cv-00928-JM-ERE

Jury Trial: ☐ Yes  ☐ No
(Check One)

I. Parties

In item A below, place your <u>full</u> name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of plaintiff: Paul Criswell
ADC # 255807

Address: 3201 West Roosevelt Rd, Little Rock, AR 72204

Name of plaintiff: Chris Guidry
ADC # 265355

Address: 2600 Tannenbaum RD Drasco, AR 72530

Name of plaintiff: See attached and incorporate
ADC # _____

Address: _____

In item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B. Name of defendant: (FNU) Higgins

Position: Sheriff

Place of employment: Pulaski County

Address: 3201 W. Roosevelt Rd, LR, AR 72204

Name of defendant: (FNU) Calvin

Position: Captain

This case assigned to District Judge Moody
and to Magistrate Judge Ervin

-4-

*Incorporated Deputies Listed on attachment*

Place of employment: Pulaski County Detention Facility

Address: 3201 W. Roosevelt, LR AR 72204

Name of defendant: Major Thompson

Position: Major

Place of employment: Pulaski County Regional Detention Facility

Address: 3201 W. Roosevelt Rd, Little Rock, AR

Name of defendant: Unknown Deputies

Position: Housing unit officers

Place of employment: Pulaski County Regional Detention Facility

Address: 3201 W. Roosevelt Rd, Little Rock, AR 72204

II. Are you suing the defendants in:

☐ official capacity only
☐ personal capacity only
☑ both official and personal capacity

III. Previous lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ___   No ✓

B. If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

☐ Parties to the previous lawsuit:

Plaintiffs: _____

Defendants: _____

-5-

| # | Name | Book In Number | Signature |
|---|---|---|---|
| 1 | Marcus Washington | 149540 | Marcus L. Washington |
| 2 | Anthony Miller | 138227 | Anthony Miller |
| 3 | Willie Williams | 00289-22 | Willie Williams |
| 4 | Andrew Alexander | 101590 | Andrew Alexander |
| 5 | Revis Perry | 158631 | No Pen |
| 6 | Wardell Woods | 167937 | Wardell Woods |
| 7 | Bryan Carroll | 261346 | Bryan Carroll |
| 8 | Aaron Bettger | 208526 | [signature] |
| 9 | Tracey Cottrell | 172289 | Tracey Cottrell |
| 10 | Santiago Pachaco | 217675 | Santiago Pacheco N |
| 11 | Bralyn Gaines | 200625 | Braly Guiny |
| 12 | Pedro Ramirez | 215422 | Pedro Ramirez |
| 13 | Derrick Frazier | 215438 | [signature] |
| 14 | Robbins, Joshua | 9737 | [signature] |
| 15 | Mychel Walter | 180554 | Mychel Walter |
| 16 | Derek Edwards | 265309 | Derek Edwards |
| 17 | Ronald Timothy Johnson Sr | 257668 | Ronald Timothy Johnson Sr |
| 18 | Calvin T. Everhart Jr | 215678 | Calvin T. Everhart Jr. |
| 19 | Rudolph Eagle | 881708 | Rudolph Eagle Sr |
| 20 | Juanvaun Seals | 264947 | [signature] |
| 21 | Bradley McNealy | 161126 | Bradley McNealy |
| 22 | Juan Contreras | 265368 | [signature] |
| 23 | Gerald Sanders | 8700108 | Gerald Sanders |
| 24 | James Trice | 72292 | James Trice |
| 25 | Alan Thompson | 265410 | Alan Thompson |
| 26 | Travon Rae | 10503 | Travon Rae |
| 27 | Justin Brown | 126851 | Justin B |
| 28 | Aaron Bell | 252918 | Aaron J Bell |
| 29 | Temlin Nance | 128696 | [signature] |
| 30 | Brandon Palmer | 264875 | Brandon Palmer |
| 31 | Derrick Allan Ross | 167800 | DERRICK A. ROSS |
| 32 | Faizaun Tyler | 256816 265816 | Faizaun Tyler |
| 33 | Wilbur Brown Jr | 102214 | Wilbur Brown Jr. |
| 34 | Germaine Tilman | 187445 | Germaine Tilman |
| 35 | Tayquan Meredith | 212373 | Tayquan M |
| 36 | Carlton Johnson | 213201 | Carlton Jo |
| 37 | Keri Hickey | 215731 | Keri Hickey |
| 38 | Christopher Gilliam | 250129 | Christopher Gilliam |
| 39 | Kaleem Barnes | 264581 | Kaleem Barnes |
| 40 | Ty Clement | 264681 | Ty Clement |
| 41 | John Wesley Smith | 127128 | [signature] |
| 42 | ~~Jeremiah~~ McDaniel | 250201 | Thomas McDaniel |
| 43 | Jeremiah McDaniel | 250201 | [signature] |
| 44 | Adam Webb | 202302 | Adam Webb |
| 45 | Edward Arnel Harper | 153914 | Edward Harper |
| 46 | | | |
| 47 | | | |
| 48 | | | |
| 49 | | | |
| 50 | | | |
| 51 | | | |
| 52 | | | |
| 53 | | | |
| 54 | | | |
| 55 | | | |
| 56 | | | |

Page ___ of ___

☐     Court (if federal court, name the district; if state court, name the county):

_____

☐     Docket Number: _____

☐     Name of judge to whom case was assigned: _____

☐     Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

☐     Approximate date of filing lawsuit: _____

☐     Approximate date of disposition: _____

IV. Place of present confinement: *Pulaski County Regional Detention Facility*

V. At the time of the alleged incident(s), were you:
(check appropriate blank)

    ✓ in jail and still awaiting trial on pending criminal charges

    ✓ serving a sentence as a result of a judgment of conviction

    ✓ in jail for other reasons (e.g., alleged probation violation, etc.)
       explain: _____

_____

VI. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit. There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails. Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

    A. Did you file a grievance or grievances presenting the facts set forth in this complaint?
       Yes ✓    No ____

    B. Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?

Yes ✓    No ____

If not, why? _____

_____

VII.  Statement of claim

State here (as briefly as possible) the <u>facts</u> of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

Under the Terms of the INMATE HANDBOOK the Inmates "are Entitled to humane treatment",..

Under Rules and Regulations Rule 4 "Inmates are required to shower daily." In lockdown units, housing deputies were not allowing inmates to shower but once (1 time) a week. On Page 12 of the Inmate Handbook addressing Recreation (Title Page 11) "You will be allowed at least one [1] hour of out-of-cell recreation daily." The administration dictates a "code 2A Facilities" for restriction of recreation allowance where No recreation is allowed with Lockdown Units permitting non lockdown movement where depending on where an inmate is happened to be bunked is allowed freedom to exercise or recreation. Religious Services — There are No Religious Services available with religious books Returned to publisher. Page 12

-7-

— Laundry

"Your clothing and linen will be picked up twice weekly for laundering."
Inmates are required to wash/rinse clothing in sinks of their prospective units to clean because no laundry service is provided.

— Meals

"You will be served three (3) meals daily per Arkansas Jail Standards."
The kitchen serves food below the 160° serving temperature with <u>uncooked</u> side items. Vegetables are served raw out of the can or frozen container with no cleaning or preparation. This is not with in jail Standards. The calories are less than 1000 per day causing starvation and rapid weight loss of <u>detainees</u> causing fighting over trays where only the strong survive (or wealthy). Food Service has fail to prepare adequate amounts of meals where hours were needed to finish feeding due to over population.

— Mail

"is an established right" P. 12 under <u>MAIL REGULATIONS</u>
"important for maintaining order within the facility." No mail is allowed to enter facility.

— General Mail

Lockdown units allow inmates to gather mail from doors of lockdown cells and carry off against objections from the inmate locked down. In "Privilege Mail" to courts a certificate of service generally certifies handing to deputy or placing in mail box NOT allowing uncertifiable individuals to handle mail. <u>No Standard of Procedure.</u>

— Law Library

"An in-house law library is available for use from 7am to 4pm Monday through Friday." Page 7 Now the LAW Library is <u>CLOSED</u>. Unless you have money to purchase Law Library time on KIOSH. Then a power struggle over use of KIOSH with two (2) per 75 inmates in W1, W2, K, L, etc and 4 to C, D, R, S, with 200+ inmates.

Intake:

- Holding pods possesed visible mold, improper ventilation and maintained 200%+ occupancy where conditions were inhumane forcing people to compete for floor space for days. 1 bathroom 1 sink, inmates would transfer human feces standing to use toilet, traveling around pod spreading feces. Toilets in each pod experienced stoppage and overflow contaminating surface areas. Detainee's were refuse basic hygeine to maintain good hygeine 3+ days (violation of 8th amendment). No body substance isolation provided for inmates sleeping on unsanitary floor. Hair, grime, feces, dust, mold all in close proximity of mouth and nose while sleeping on floor (Respiratory hazards). No inline stabilization to support spine forced stacking contaminated shoes to prop head while sleeping on floor. Refused medicines, improper medical care, refused phone call. Inhumane conditions, Improper ventilation for overpopulating,

medical:

- Frequent interruptions in medicine for days at a time
- Inmate will testify medical staff provided false claims medicine interruptions were due to USM not approving refills in timely manner. USM investigation found medical marking as refusals vs. out of medicine. USM stated claim of USM approving refills absolutely false.
- Death in intake September 18, 2022 for not having Norcane the overdose drug.
- July 22, 2022 inmate will testify hyperventilation shortness of breath, unable to breath. Sgt macho and Nurse came in checked blood pressure, stated blood pressure good, then abandoned without monitoring. (Checked circulatory system that would fail shortly after respiration failed)
- Duty to act on health hazards when identified in facility, one being mold and other environmental health hazards

## Housing

**Ⓐ** ON 9-18-2022 W1-W went from proper population size to 78 inmates, exceeding capacity of facility design. Approx 5pm seargent Matthis entered with metal bunk beds. Chris Guidry asked SGT facility contingency plan for safety. SGT Matthis replied facility will utilize one seargent and one CO at all times. Chris Guidry then asked sgt Matthis if all will be within regulation requirements. Sgt Matthis replied yes, and elaborated in great detail of required spacing along with proving proper distances. Sgt Mattis departed W1. SGT Mussadic pushed bunks together and added 8 more bunk beds and 9 boats. Sgt Matthis returned Chris Guidry questioned in front of staff and inmates if additional bunks and boats installed while he was gone is still within Regulation codes. SGT Matthis replied No and stated he did not authorize. SGT Matthis had a discussion with PCRDF staff away from inmates. SGT Matthis returned with SGT. Mu and together continued setting up improperly. National Jail standards require secure bunks with greater distance. 78 inmates in a room approx 45'x48' with 5 toilets, 5 sinks, 5 showers. Bathroom facility is equipped for housing 40 adults. Square ft to population of 78 inmates exceed Jail standards. Since overpopulated, anxiety to all has delivered incidents of violence or threats of daily where each day a detainee has been removed or experienced excessive force or verbal abuse from correction officers. Jail standards require 50-55 sq ft per inmate. W1 is approx 190% capacity at 78 inmates on each side

**Ⓑ** C block extreme environmental safety hazard exist with visible mold throughout. Excessive temp with improper ventilation in cells temp experienced in excess of 85 degrees visible mold where floor meets the walls. Visible water from humidity, faulty AC, plumbing accumulating on floors laid down blankets provided by CO. to wick water from walls and floors. Approx 80-100 additional detained on bunks with one cell open for batroom (1 toilet 1 sink) national standards require 1 toilet per 8 people. Population size and Restroom facilities below National Jail standards. Substantial increase in violent offenses and codes due to unmanageable Population. After lockdown inmates would travel to areas restricted during lock down threatning other inmates behind closed doors or sliding substances under doors. Population exceeded facility design

## Kitchen:

- Trustee's involved in class action suit will testify as to following conditions.
  - Visible mold throughout
  - Rodent Infestation
  - Roach Infestation
  - Standing water
  - Restroom with no soap to clean hands
  - Improper food handling
  - Stagnate water
  - Contractor ordered inmates to plate and serve expired food, food where inmates attempted to discard due to roach contact, soap not in dispenser for dish washer for weeks, inoperable food warmers, rodent droppings contaminating food areas, multiple mouse traps with dead mice, rat sightings.

Other hazards found by inmates
- Roaches in tray's
- Food residue from meal night before on tray's
- Trustee's ordered to scrub mold while food preperation was present. Environmental hazard to untrained workers scrubbing mold without proper PPE, no LIC to abate mold, mold spore contamination to facility and food in open containers during preparation. Several grievances filed during mold abatement to stop improper remediation and citing extreme health concerns many Health dept violations.

## Housing

C) K Block 10 additional detainees on bunks and boats. One cell open for bathroom 1 toilet 1 sink below national jail standards. Visible mold, no mop to sanitize floors. Condition and cleanliness produced inhumane living conditions. Ventilation inadequate Cell temps were warmer than normal. Codes and inement danger substantially higher.

D) L Block 18 additional detainee's visible environmental health Hazards (mold, dust, grime) one cell used for bathroom 1 toilet 1 sink, which is below National Jail Standards. Population size exceeds facility design

E) Q Block 10 additional inmates one toilet 1 sink, below national jail standards. Detained population exceeded facility design

F) S Block 20 additional inmates 1 toilet 1 sink below national Jail standards.

G) R Block improper Housing excessive safety hazards due to operations outside national Jail standards

H) P Block dozens of additional inmates with only one toilet Racks and Boats improperly housed

Other units are beyond our knowledge and control

VIII.  Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Injunctive: Kitchen to have brought up to Arkansas Jail Standards on serving temperature, Clean Food Prep Area, remove filth to remove rodent Breeding, exterminate Roaches Ants Rodents Reduce inmate population to safer level allowing Kitchen to maintain proper serving count Hire licensed Hazardous Material and Environmental Company to remove black Mold Look in to the Medical Services Provider for humane treatment of inmates and investigate recent death in the intake unit along with the falsification of Medical records, Look Into failure to provide Personal Protect Equipment for inmates cleaning mold Have Structural Engineer to look at Building structural Damage/Cracks, Have inmates currently Housed at Pulaski County Regional Detention Facility medically examined for injuries due to Mold and the long term effects of exposure and future Harm cause by its continued exposure $1,000 each to inmates currently housed and forced to endure the extreme conditions subjected here at PCRDF Provide a Law Library at NO COST To the inmate population

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this  22  day of  Sepember , 20 22 .

_Paul Caswell_
_Chris Guidry_

_____
Signature(s) of plaintiff(s)

PULASKI COUNTY REGIONAL DETENTION FACILITY

Paul Criswell
PCRDF # 255907
3201 W Capitol Ave
Little Rock, AR 72204



Clerk of the Court
Eastern District of Arkansas
United States District Courthouse
Central Division
Suite A149
600 W. Capitol Avenue
Little Rock, AR 72201